UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAKISHA T JAMES | CIVIL ACTION NO. 24-cv-252 |
| VERSUS | JUDGE EDWARDS |
| NEW STAR PRODUCE GROUP ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Lakisha James ("Plaintiff"), a Louisiana citizen, filed this civil action against New Star Produce Group and Rhussmann Corvera Huerta, both alleged to be citizens of Texas. Plaintiff seeks personal injury damages allegedly suffered when she was a guest passenger in a vehicle that was involved in an accident in Bossier City that was allegedly caused by the fault of Huerta, who was acting in the course and scope of his employment with New Star.

Plaintiff has filed affidavits of service (Docs. 11 & 12) that suggest service was made on the defendants through the use of the long-arm statute procedures and based on La. R.S. 13:3474 (the Louisiana Foreign Motorist Statute).

Neither defendant has filed an answer within the permitted time, so Plaintiff is directed to promptly request that the clerk of court enter default against the defendants if (1) the defendants do not file answers by September 23, 2024 and (2) Plaintiff is confident that service was valid. When a district court lacks jurisdiction over a defendant because of improper service of process, a default judgment is void and must be set aside. Rogers v. Hartford Life & Acc. Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999).

If Plaintiff eventually files a motion for default judgment, the memorandum in support must point to record evidence and Louisiana authority that establishes that service was valid. The memorandum will also have to establish with certainty the citizenship of New Star Produce Group. Plaintiff's petition describes New Star as a Texas domiciliary, but there is no indication whether it is a partnership, corporation, sole proprietorship, or something else. The form of entity must be established, and the citizenship of New Star will then have to be set forth in accordance with the rules applicable to that form of entity. A corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business, while the citizenship of an LLC or partnership is determined by the citizenship of all of its members or partners. 28 U.S.C. § 1332(c); <u>Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp.</u>, 2018 WL 3551525 (W.D. La. 2018). If there is no diversity jurisdiction, then any default judgment would be void.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of September, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge