**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LAKISHA T. JAMES | CIVIL ACTION NO. 24-0252 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| NEW STAR PRODUCE GROUP, ET AL. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

A federal district court "may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). It has the "inherent authority to dismiss the action sua sponte, without motion by a defendant." *Id.* And such a dismissal may be done "with or without notice to the parties." *Rogers v. Kroger Company*, 669 F.2d 317, 319-20 (5th Cir. 1982).

Federal Rule of Civil Procedure 41(b) governs the involuntary dismissal of an action for the failure to prosecute. Under this rule, dismissal is proper when: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992). Failure to comply with court orders after being warned that such failure would result in dismissal has been held to be "contumacious conduct"

warranting dismissal under Rule 41(b). *Dorsey v. Scott Wetzel Services, Inc.*, 84 F.3d 170, 171-72 (5th Cir. 1996).

In this case, the plaintiff, Lakisha James ("James"), failed to comply with multiple court orders. After James's counsel withdrew from this case, the Magistrate Judge ordered James to either enroll new counsel or file a statement that she intends to represent herself. Record Document 49. The deadline for compliance was June 12, 2026. *Id.* James did not comply. Then, on October 15, 2026, the undersigned ordered James to either enroll new counsel or file a statement that she intends to represent herself. Record Document 53. The deadline for compliance was October 30, 2026. *Id.* James once again failed to comply.

In almost identical circumstances, this district court dismissed the civil action for failure to prosecute because "[a]ttempting to proceed further with this action would be a waste of time and resources…." *See, e.g.*, *Davis v. Indorama Ventures Olefins, LLC*, No. 23-949, 2026 WL 963730, at *2 (W.D. La. Apr. 9, 2026) (considering plaintiff's failure to "comply with the Court's order to enroll new counsel or file a written statement that he intends to represent himself[.]"). Here too, James's failure to alert the Court that she intends to proceed on her own, not once but twice, establishes that she also will not "comply with the other more serious requirements of litigation." *Id.* Proceeding further would be a waste of resources, and because of James's repeated lack of compliance, a lesser sanction would be futile. The Court finds, therefore, that dismissal without prejudice for the failure to prosecute is warranted.

## Conclusion

Considering the foregoing, the Complaint, Record Document 1, filed by the plaintiff, Lakisha James, is **DISMISSED WITHOUT PREJUDICE**. All claims filed against the defendants, New Star Produce Group, LLC and Rhussmann Corvera Huerta, in this civil action are dismissed for failure to prosecute.

**DONE AND SIGNED** at Shreveport, Louisiana, this 4th day of November, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE